JOSHUA BURDITT, APPELLANT, v. PATRICK BARRY, RESPONDENT.

*Collector of school district — appointment of — officers de jure and de facto.*

The verbal appointment of a collector of a school district by a trustee thereof, is invalid; such appointment must be made under the hand of the trustee and be filed in the office of the district clerk. (Laws of 1864, chap. 555, tit. 1, § 15, sub. 4; tit. 3, §§ 27–32–33.)

Acts of officers *de facto* may be valid as far as the public and third persons are concerned, but when the officer himself is sued for an act done by him, which he justifies by averment that he did it as such officer, he can establish his justification only by proof that he is such officer *de jure*. (*People* v. *Hopson*, 1 Den., 574; *Colton* v. *Beardsley*, 38 Barb., 29; *Newman* v. *Tiernan*, 37 id., 159; *Hamlin* v. *Dingman*, 5 Lans., 61; *People* v. *Nostrand*, 46 N. Y., 375.)

APPEAL from a judgment of the County Court of Niagara county in favor of the defendant, entered upon the verdict of a jury, and from an order of said court denying a motion for a new trial made upon a case and exceptions.

*James F. Fitts*, for appellant.  *F. Brundage*, for respondent.

Opinion by GILBERT, J.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed and new trial granted, costs to abide the event.